UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
January 4, 2012 3:17 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc / ____ SCANNED BY: /s/

PHILIP RAAB,

    Plaintiff,

v.

MIRACLE FINANCIAL, INC.,

    Defendant.
_____/

1:12-cv-10

Janet T. Neff
U.S. District Judge

**Complaint**

**I.   Introduction**

    1.    This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

    2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

    3.    Plaintiff Philip Raab is an adult, unmarried, natural person residing in Montcalm County, Michigan. Mr. Raab is a "consumer" and "person" as the terms are defined and used in

the FDCPA. Mr. Raab is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

4. Defendant Miracle Financial, Inc. ("Miracle") is a Massachusetts corporation, doing business in Michigan as Miracle Financial Recovery, and purportedly headquartered at 52 Armstrong Road, Plymouth, Massachusetts 02360. The registered agent for Miracle in Michigan is Business Filings Incorporated, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Miracle uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Miracle regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Miracle holds a Certificate of Authority to Transact Business or Conduct Affairs in Michigan for the stated purpose of "Third Party Debt Collections." Miracle is a "debt collector" as the term is defined and used in the FDCPA. Miracle is a "regulated person" as the term is defined and used in the MCPA. Miracle is licensed (No. 2401002096) by the State of Michigan to collect consumer debts in Michigan. Miracle is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

### IV. Facts

5. Mr. Raab had a credit account with Verizon which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

6. Mr. Raab cancelled his account with Verizon. Verizon claimed that Mr. Raab had an unpaid balance on his account with Verizon. Mr. Raab had a disagreement with Verizon regarding whether a debt was owed and the amount of the alleged debt.

7. Apparently, Verizon, a company related to Verizon, or a successor in interest to Verizon, hired Miracle to collect the alleged debt from Mr. Raab.

8. Alternatively, Miracle purchased the account and related, alleged debt after the account allegedly was in default.

9. Mr. Raab resides with an adult, unmarried, natural person named Kelly Hitsman.

10. On or about December 29, 2011, Miracle used an automated dialer or similar device to place a telephone call to a residential telephone number used jointly by Mr. Raab and Miss Hitsman. The telephone call was answered by a telephone answering machine belonging to Mr. Raab and Miss Hitsman, which played the following greeting: "Hi, you've reached Kelly Hitsman and Philip Raab. We are not home, so please leave a message and we will get back to you as soon as possible. Thank you." Miracle then left the following pre-recorded and/or computer generated message on the voice mail or telephone answering machine used jointly by Mr. Raab and Miss Hitsman: "This message is for Philip Raab. If you are not Philip Raab, please hang up or disconnect. If you are Philip Raab, please continue to listen to this message. By continuing to listen to this message, you acknowledge you are Philip Raab. This is a debt collector with Miracle Financial. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-800-535-1572 as soon as possible and please reference account number 2734261. Again, please call 1-800-535-1572 and please reference account number 2734261. Thank you."

11. The above-quoted message left by Miracle for Mr. Raab was heard by Miss Hitsman.

12. The above-quoted message left by Miracle for Mr. Raab was a "communication"

3

as the term is defined and used in the FDCPA

13. Miracle did not obtain the prior consent of Mr. Raab to communicate with Miss Hitsman in connection with efforts by Miracle to collect the alleged debt from Mr. Raab.

14. Miracle did not obtain the prior consent of Mr. Raab to communicate to Miss Hitsman that Miracle was attempting to collect a debt from Mr. Raab.

15. Mr. Raab has never given Miracle permission to speak with Miss Hitsman regarding the alleged debt.

16. Mr. Raab has never given Miracle permission to communicate any information to Miss Hitsman regarding the alleged debt.

17. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

18. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

19. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

20. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

21. Miracle disclosed the name of its company in the recorded message left by Miracle and heard by Miss Hitsman, without an express request for such information by Miss

4

Hitsman, violating the FDCPA.

22. Nothing in the law entitled Miracle to leave a recorded message for Mr. Raab on a telephone voice mail or telephone answering machine.

23. Nothing in the law entitled Miracle to leave a recorded message for Mr. Raab on a telephone voice mail or telephone answering machine when the message might be heard by someone other than Mr. Raab.

24. Miracle could have used other methods to communicate with Mr. Raab.

25. Miracle could have chosen to communicate with Mr. Raab by postal mail.

26. Miracle could have chosen to communicate with Mr. Raab by speaking directly to Mr. Raab by telephone.

27. Miracle could have chosen not to leave a recorded message for Mr. Raab on a telephone voice mail or telephone answering machine.

28. Miracle could have chosen to have a live person make the telephone call to Mr. Raab and then use discretion regarding whether to leave a recorded message. Instead, and to save money, Miracle chose to use an automated dialing system or similar device to place the telephone call to Mr. Raab and then use a computer or other automated, similar device to leave a pre-recorded and/or computer generated message for Mr. Raab, without regard for the privacy of Mr. Raab and without regard for the requirements of the FDCPA.

29. Miracle violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a voice mail, which communicated to Miss Hitsman that Miracle was attempting to collect an alleged debt from Mr. Raab. *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

30. Miracle in the pre-recorded and/or computer generated message left on an answering machine for Mr. Raab warned others not to listen to the message, establishing that Miracle recognized the likelihood that someone other than Mr. Raab might hear the message.

31. Miracle knowingly assumed the risk of violating the FDCPA by leaving a message on an answering machine, stating that Miracle was calling to collect a debt from Mr. Raab and knowing that the message might be heard by someone other than Mr. Raab.

32. It was unrealistic for Miracle to assume that someone sharing a voice mail account or residential telephone answering machine with Mr. Raab would obey Miracle's command to "hang up or disconnect" and not listen to a recorded message left by Miracle for Mr. Raab on the shared voice mail account or shared residential telephone answering machine.

33. Telephone calls placed to the residential telephone line shared by Mr. Raab and Miss Hitsman, when not answered by Mr. Raab or Miss Hitsman, are instead answered by a telephone answering machine, which plays the following greeting: "Hi, you've reached Kelly Hitsman and Philip Raab. We are not home, so please leave a message and we will get back to you as soon as possible. Thank you."

34. In December 2011, (a) Miracle placed a telephone call to a residential telephone line shared by Mr. Raab and Miss Hitsman; (b) the telephone call was answered by a telephone answering machine which stated: "Hi, you've reached Kelly Hitsman and Philip Raab. We are not home, so please leave a message and we will get back to you as soon as possible. Thank you." and (c) Miracle left a pre-recorded and/or computer generated message on the telephone answering machine which stated: "This message is for Philip Raab. If you are not Philip Raab, please hang up or disconnect. If you are Philip Raab, please continue to listen to this message.

By continuing to listen to this message, you acknowledge you are Philip Raab. This is a debt collector with Miracle Financial. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-800-535-1572 as soon as possible and please reference account number 2734261. Again, please call 1-800-535-1572 and please reference account number 2734261. Thank you."

35. If Miracle had used an employee, a live person, to place the telephone call to Mr. Raab that is described in the immediately preceding paragraph, the Miracle employee could have heard that the telephone answering machine at the telephone number called was being shared by two persons, one named Philip Raab and the other named Kelly Hitsman. The Miracle employee could then have exercised discretion and chosen not to leave a message for Philip Raab on a telephone answering machine that patently was being shared with Kelly Hitsman.

36. Miracle failed to maintain procedures reasonably adapted to avoid disclosing to a third party that a consumer owes a debt. Instead, Miracle left a recorded message for the consumer on voice mail or a telephone answering machine, knowing it was possible that the message might be heard by someone other than the consumer.

37. Miracle failed to maintain procedures reasonably adapted to avoid disclosing to a third party that Mr. Hitsman owed a debt. Instead, Miracle left a recorded message for Mr. Raab on a telephone answering machine, knowing that it was possible that the message might be heard by someone other than Mr. Raab.

38. Miracle scripted and intended to speak the words that were spoken by Miracle when leaving the above-described message on a telephone answering machine for Mr. Raab in connection with efforts to collect a debt from Mr. Raab.

39. Mr. Raab heard the above-quoted message left by Miracle on the telephone answering machine he shares with Miss Hitsman.

40. The above-quoted message left by Miracle for Mr. Raab on the telephone answering machine he shares with Miss Hitsman was the initial communication between Miracle and Mr. Raab in connection with efforts by Miracle to collect the alleged debt.

41. Miracle failed to mail Mr. Raab a timely written notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g.

42. The acts and omissions of Miracle and its employees done in connection with efforts to collect a debt from Mr. Raab were done intentionally and wilfully.

43. Miracle and its employees intentionally and wilfully violated the FDCPA, MCPA and MOC.

44. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

45. Miracle, to increase its business and profits, has knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

46. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered damages for which he should be compensated in an amount to be established by jury and at trial.

## V.      Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

47.    Plaintiff incorporates the foregoing paragraphs by reference.

48.    Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

   d)   Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a)   Damages pursuant to 15 U.S.C. § 1692k;

   b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

   c)   Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

49.    Plaintiff incorporates the foregoing paragraphs by reference.

50.    Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 445.252(m) by bringing to public notice that the consumer is a debtor;

b) Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; and

c) Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Damages pursuant to M.C.L. § 445.257(2);

b) Treble damages pursuant to M.C.L. § 445.257(2); and

c) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

## Count 3 – Michigan Occupational Code

51. Plaintiff incorporates the foregoing paragraphs by reference.

52. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee;

d) Defendant violated M.C.L. § 339.918; and

e) Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2);

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

e) Equitable relief pursuant to M.C.L. § 339.916(1).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 3, 2012

*[signature]*

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com